IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE J. VIGILANTE,<br>                  Plaintiff,<br><br>    v.<br><br>STEVEN STATHAROS and<br>PATRICK BRONTE,<br>                  Defendants. | No. 08-CV-3408 |

**MEMORANDUM**

September 10, 2008                                                                                     Pollak, J.

      The court has before it plaintiff's motion for remand, along with a bevy of filings that followed on the issue. The motion is ripe for disposition.

**I.    Background**

      In April of 2008, plaintiff Theodore Vigilante brought a civil suit in the Philadelphia Court of Common Pleas against the defendants for a variety of tort claims and a trademark claim. Def. Notice of Removal at Ex. A (complaint). Vigilante, an attorney, provides legal service in southeast Pennsylvania. Pl. Mem. in Support of Remand at 1. He states that he authorized defendant Statharos to obtain, on his behalf, email and internet website addresses useful to promoting Vigilante's law practice. *Id*. Instead of doing as directed, Statharos allegedly misused the addresses to benefit a

competitor attorney, and then transferred control of the addresses to defendant Bronte. *Id*. at 2.

Starting in late April 2008, Vigilante sent his complaint and subsequent filings to Statharos and Bronte by mail at addresses in New York and New Zealand, respectively. Def. Notice of Removal at Ex. D (affidavit of Steven Statharos). On April 30, 2008, Vigilante filed with the Court of Common Pleas an affidavit of service from his attorney that included a receipt of mailing to Statharos at an address in Woodside Queens, NY and a signed reply card for a mailing to Statharos at an address in Astoria, NY, each with different USPS serial numbers and both dated in late April. *Id*. at Ex. C (Marino affidavit). After filing his original and an amended complaint, Vigilante sought a preliminary injunction directing the defendants to surrender control of the disputed addresses. The requested injunction was granted by Common Pleas Judge Gary F. DiVito on July 1, 2008. *Id*. at Ex. D (order of Judge DiVito).

Statharos avers that he never received the complaint or any of the subsequent filings in the lawsuit through the mail. Def. Notice of Removal ¶ 2. He stated in a sworn affidavit that he moved from the Astoria address prior to the complaint mailings and that the signature on the reply card produced by Vigilante is not his and was not authorized by him. *Id*. at Ex. D (Statharos affidavit). Statharos further attested that he learned of the complaint from Bronte in late June and received a copy of it on July 9, 2008 after asking an attorney friend to make a copy at the courthouse. *Id*. For his part, Bronte seems to argue that service upon him was improper, as it failed to comport with the rules of New

2.

Zealand.  Def. Response to Motion to Remand at 4, Ex. A.[1]  Statharos filed his notice of removal on July 21, 2008.  *Id*. at 1.  He filed his response to Vigilante's motion to remand on July 29, 2008, which included a sworn statement from Bronte consenting to removal.  *Id*. at Ex. C (Bronte affidavit).

**II.    Analysis**

Federal jurisdiction and removal are governed by statute. If a federal court has original jurisdiction over a case brought in state court, the defendants may remove. 28 U.S.C. § 1441(a). A defendant may remove on grounds of diversity of citizenship so long as complete diversity exists, the amount in controversy requirement is met, and no removing defendant is a citizen of the state where the action is brought. 28 U.S.C. §§ 1332(a); 1441(b). A defendant's ability to remove is determined from the plaintiff's filings at the time of removal, and removal statutes are to be strictly construed with all doubts resolved in favor of remand. *Morley v. Philadelphia Police Dept.*, No. Civ. A. 03-6165, 2004 WL 620128, at * 1 (E.D. Pa. March 29, 2004) (internal citations omitted).

Defendant Statharos's notice of removal, to which defendant Bronte has consented, is grounded on diversity of citizenship. Statharos and Bronte assert that they are citizens of New York and New Zealand, respectively, and that the plaintiff is a citizen of New Jersey—statements unchallenged by Vigilante.  Defendants also aver that Mr.

---

1  The court has not, in fact, heard directly from Mr. Bronte regarding this case, save for his sworn affidavit of consent to removal.  Defendant Statharos has claimed in his filings that Bronte was improperly served and also has provided quite lengthy excerpts from New Zealand statutes and case law as well as a legal analysis from a New Zealand attorney.  Though informative, these materials do not substitute for proper briefing and do not appear to represent directly any arguments or defenses by Mr. Bronte himself.

Vigilante's complaint meets the amount in controversy requirement of $75,000 exclusive of costs, as it seeks compensatory damages of $50,000 and unspecified punitive damages. Vigilante likewise has not challenged the amount in controversy requirement, and the court agrees with Statharos's assertion that the complaint meets the $75,000 minimum. District courts measure the amount by a "reasonable reading of the value of the rights being litigated" based on the plaintiff's complaint at the time of removal. *Werwinski v. Ford Motor Co.*, 286 F.3d 661, 666 (3d Cir. 2002) (quoting *Angus v. Shiley Inc.*, 989 F.2d 142, 146 (3d Cir. 1993)). It is entirely reasonable to expect that, if Vigilante prevails in establishing liability for both compensatory and punitive damages, the defendants could face a judgment in excess of $75,000. Vigilante had the opportunity to assert that the case was worth less than this in his motion to remand, but he clearly thinks the "rights being litigated" meet or exceed this value. Accordingly, this court has original jurisdiction over Vigilante's lawsuit and removal is substantively proper under 28 U.S.C. § 1441(b).

Vigilante challenges removal, and thus seeks remand, on two procedural grounds. First, he argues that Statharos failed to join all defendants in his notice of removal, violating the "unanimity rule." Pl. Memo. in Support of Remand at 4. Second, he contends that Statharos's notice was not timely filed, in contravention of 28 U.S.C. § 1446(a). *Id*. at 6. The court will begin with the issue of timeliness.

The "receipt rule" at 28 U.S.C. § 1446(b) requires that a defendant file a notice of removal within thirty days of receipt of a copy of the initial pleading if the defendant was not personally served a summons. Proper service of process, or a valid waiver, is

4.

required for the thirty day clock to begin to run on removal rights.  *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999).  When one defendant receives an initial pleading at a date later than its receipt by another defendant, the later-served defendant still has thirty days to remove.  *Cf. Shadie v. Aventis Pasteur, Inc.*, 254 F. Supp. 2d 509, 515 (M.D. Pa. 2003).

     Here, plaintiff avers that he properly served the defendants by mail under Pa. R. Civ. P. 404(2).  Pl. Mem. in Support of Remand at 3.  That rule permits service by mail if the plaintiff complies with Pa. R. Civ. P. 403, which requires a signed reply card by the defendant or his authorized agent.  The rule further states that service is complete upon proper delivery.  The Third Circuit and this court, however, have found that a plaintiff fails to meet the requirements of Pa. Rule 403 when the signature on the delivery reply card is in dispute and the plaintiff offers no information or evidence regarding the validity of the signature.  *Ignition Media Group, LLC v. Pantel Systems, Inc.*, Civ. No. 07-0439, 2007 WL 2728662, at * 1 (E.D. Pa. Sept. 14, 2007); *Lampe v. Xouth, Inc.*, 952 F.2d 697, 701 (3d Cir. 1991).

     The record here suggests that Vigilante's service upon Statharos by mail was ineffective.  Statharos has sworn he never received the complaint or other mailings, and he disclaims the signature on the one reply card.  Vigilante has advanced no information regarding its validity.  In the absence of contrary evidence, this court accepts Statharos's statement that he first received the complaint on July 9, 2008 via fax at the kindness of an attorney friend.  This gave Statharos until August 8 to file his notice of removal under §

1446(b), even if Vigilante could establish that defendant Bronte properly received his copy of the complaint earlier.  *See Shadie,* 254 F. Supp. 2d at 515.  Vigilante's protestations that the July 1, 2008 injunction determined the date of proper service are incorrect both in fact and in law.  While Judge DiVito, as alleged by the plaintiff, may have "accepted proofs of service," he did not formally address or decide the issue of proper service in his order.  For this reason and many others, Vigilante's arguments regarding full faith and credit under 28 U.S.C. § 1738 and the doctrine of collateral estoppel are wholly misplaced here.

Regarding Vigilante's other challenge, 28 U.S.C. § 1446 does not state that all defendants must join a notice of removal, but federal courts have construed such a requirement.  Under this common law "unanimity rule," all defendants must join in a notice of removal or otherwise consent to it.  *Balazik v. Cty. of Dauphin*, 44 F.3d 209, 213 (3d Cir. 1995).  While all defendants do not have to sign the notice of removal, some timely-filed written document from each served defendant, indicating that she has expressly and unambiguously consented, is required.  *Morganti v. Armstrong Blum Mfg. Co.*, No. CIV A. 00-6343, 2001 WL 283135, at * 2 (E.D. Pa. Mar. 19, 2001).  Timely-filed means within the 30-day clock for any later-served defendant who opts to remove. *Shadie*, 254 F. Supp. 2d at 515.

Vigilante asserts that Statharos's failure to join his co-defendant in the notice of removal is fatal and must result in remand.  The court disagrees.  As established above, Statharos had until August 8, 2008 to file a notice of removal that included all his co-

defendants—or to both remove and obtain clear and unambiguous consent from any other defendants within that time frame.  Statharos filed his response to Vigilante's motion to remand on July 29, 2008, and this filing included a valid sworn consent from his co-defendant.  Thus, Statharos removed in time and also obtained valid consent within the 30 day window, meeting the requirements of the unanimity rule.

Removal of this case was both substantively and procedurally appropriate.

**ORDER**

And now, this 10th day of September, 2008, for the reasons stated in the accompanying memorandum, it is hereby **ORDERED** that plaintiff's Motion to Remand is **DENIED**.

BY THE COURT:

/s/ Louis H. Pollak

Pollak, J.