IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

THEODORE J. VIGILANTE,
          Plaintiff,

  v.

STEVEN STATHAROS and
PATRICK BRONTE,
                  Defendants.

No. 08-CV-3408

OPINION

February 16, 2009                                                        Pollak, J.

      Plaintiff Theodore Vigilante filed two motions concerning defendant Statharos's Answer (Docket No. 8) to the Amended Complaint. In the first (Docket No. 14), filed on August 19, 2008, Vigilante asks the court to strike insufficient defenses pursuant to Fed. R. Civ. P 12(f). The second (Docket No. 17), filed on August 26, is a Fed. R. Civ. P. 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted and is directed at Statharos' two counterclaims. Both motions are ripe for disposition.

I.     **Background**

      As the parties are quite familiar with the controversy, I will describe only the basic facts. Vigilante is an attorney who practices in southeast Pennsylvania. Pl.'s Mem. in Support of Motion to Strike at 1. He complains that he authorized defendant Statharos to

1.

obtain, on his behalf, email and internet website addresses useful to promoting the practice. *Id*. Instead of doing as directed, Statharos allegedly obtained and misused the addresses to benefit a competitor attorney. *Id*. at 2. Vigilante brought tort and trademark claims against Statharos and another defendant.

Statharos alleges that he and Vigilante forged a plan to create a law partnership. Def.'s Answer ¶ 101. He contends that Vigilante promised they would enter partnership if Statharos both passed the Pennsylvania bar exam and created a marketing plan for their practice. *Id*. ¶¶ 101, 103. Statharos states that he obtained the addresses at issue as an "independent contractor" and that he owns them outright. *Id.* ¶¶ 14, 24, 104. Statharos avers that Vigilante disavowed his promise once Statharos had expended considerable time, effort, and money on meeting the conditions. *Id.* ¶¶ 105-08, 118. In his Answer, he brought two counterclaims against Vigilante for promissory estoppel and fraud.

**II.   Analysis**

A.   Plaintiff's motion to strike

Plaintiff filed a motion (Docket No. 14) requesting that this court strike insufficient defenses that he claims defendant Statharos raised in his Answer. Vigilante states that the Answer "asserts defenses implicating a (1) lack of personal jurisdiction; (2) insufficient process, and (3) insufficient service of process in a portion of the pleading entitled New Matter." Pl.'s Mem. in Support of Motion to Strike at 5. He further argues that said "implicated defenses" fail to meet the requirements of Fed. R. Civ. P. 12(h). *Id*. at 5-6. He asks the court to strike these purported defenses.

Statharos responds (Docket No. 16) that he never raised defenses of personal jurisdiction, improper process, or insufficient service of process.  Def.'s Response at 1.  He points to express language in his Answer stating as much.  *Id*.  He opines that the plaintiff seeks an order from this court that will strike Statharos's factual assertions, an outcome that would affect other determinations in this litigation.  *Id*. at 1-2.

I have reviewed the defendant's Answer, filed with this court on August 11, 2008.  It does not contain any formal pleading of these defenses.  Nor does the docket for this lawsuit contain a motion from Statharos pleading these defenses under Fed. R. Civ. P. 12(b).  Accordingly, I find nothing to strike as insufficient.  I do find that Statharos, in his answer, pleads facts concerning the unfolding of this suit in the Philadelphia Court of Common Pleas prior to its removal to federal court.  Given that none of this matter is "redundant, immaterial, impertinent, or scandalous," I further decline to strike it under Rule 12(f) as otherwise objectionable.

B.   Plaintiff's motion to dismiss counterclaims

Vigilante submitted a separate motion (Docket No. 17) seeking to dismiss defendant Statharos's two counterclaims, for promissory estoppel and fraud, pursuant to Fed. R. Civ. P. 12(b)(6).  In reviewing a 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the district court is required to accept as true all allegations in the complaint and all reasonable inferences that can be drawn from them.  *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997).  The motion should be granted if it appears certain that the plaintiff could obtain no relief under any provable

set of facts.  *Id*.  Likewise, if the claims appear merely speculative even after such review, dismissal is appropriate.  *Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. __, 127 S. Ct. 1955, 1965 (2007)).

      1.     *Promissory estoppel claim*

Vigilante contends that Statharos's counterclaim for damages under promissory estoppel must fail because he failed to plead a "certain and explicit promise."  Pl.'s Mem. at 5-6.  He also propounds three arguments regarding damages under this claim:  first, that Statharos is not entitled to punitive damages; second, that Statharos is not entitled to damages under a theory that Vigilante was unjustly enriched; and third, that Statharos cannot show any loss of future income with reasonable certainty and is thereby not entitled to any such damages.  *Id*. at 6-8.

To establish a promissory estoppel claim in Pennsylvania "the aggrieved party must show that 1) the promisor made a promise that he should have reasonably expected to induce action or forbearance on the part of the promisee; 2) the promisee actually took action or refrained from taking action in reliance on the promise; and 3) injustice can be avoided only by enforcing the promise."  *Crouse v. Cyclops Indus.*, 745 A.2d 606, 610 (Pa. 2000).  Courts must be careful to avoid applying the doctrine to vague representations or puffery, and thus must look to see if the alleged promise is explicit enough to induce action and if the proposed action be of "definite and substantial character."  *Fried v. Fisher*, 196 A. 39, 43 (Pa. 1938).

Viewing Statharos's description of the facts as true, as required by *Morse*, 132 F.3d at 906, the court finds that he has stated a viable claim of promissory estoppel. Statharos contends that Vigilante promised to enter a partnership to practice law if Statharos undertook two things: to take and pass the Pennsylvania bar and to develop a marketing plan for the law firm. Answer ¶¶ 101, 111. Such a promise might readily lead a person to take the actions urged in the promise itself — as Statharos contends he did. Vigilante argues that the claim must fail because the promise was too broad. Pl.'s Mem. (Docket No. 17) at 5. He avers that to create a viable claim, such a promise would have to set forth "the date the partnership was to begin; the location of the practice; the type of law expected to be practiced; the respective distribution of partnership income;" and other particulars. *Id.* I am unconvinced that the pleading bar is quite this high for promissory estoppel and find instead that, at this stage, Statharos can move ahead with his claim.

Statharos does expressly seek "compensatory and punitive" damages; he also speaks of losses in his future income as well as unjust enrichment on the part of Vigilante. Answer ¶¶ 118, 113, 114. Vigilante argues that Statharos can only pursue compensatory reliance damages. Pl.'s Mem. at 6. The Restatement (Second) of Contracts § 90, which Pennsylvania adopted as its promissory estoppel doctrine, *Crouse*, 745 A.2d at 610, offers the broad guidance that "[t]he remedy granted for breach may be limited as justice requires." Pennsylvania courts have found that damages for promissory estoppel are limited to expenses and losses incurred in reliance on the actionable promise. *See, e.g., Lobolito, Inc. v. N. Pocono Sch. Dist.*, 755 A.2d 1287, 1292 n. 10 (Pa. 2000). In addition,

5.

it is well settled in the Commonwealth that punitive damages are disallowed under contract claims. *Johnson v. Hyundai Motor Am.*, 698 A.2d 631, 639 (Pa. Super. Ct. 1997).

Accordingly, the court will dismiss specific portions of Statharos's claim for promissory estoppel. Consonant with Pennsylvania law, he cannot seek punitive damages for his detrimental reliance. Further, his reference to losses in future income cannot be sustained because such conjectural losses will not have been incurred in reliance on the alleged agreement to forge a partnership.[1]

In summary, the court finds that Statharos has stated a claim of promissory estoppel for which he has grounds to seek reliance damages within the strict limits of Pennsylvania law.

2.   *Fraud claim*

Vigilante argues for dismissal of Statharos's fraud claim on two grounds: first, that he failed to plead it with the specificity required by Fed. R. Civ. P. 9(b), and second, that it is barred under Pennsylvania's "gist of the action" doctrine. Pl.'s Mem. at 9-11. Statharos responds that the bar for pleading fraud is not as high as Vigilante describes, and that he cleared it. Further, he contends that "gist of the action" only applies to breach of contract, not promissory estoppel, and thus it does not apply to these counterclaims. Vigilante has the better of both arguments.

---

[1] In addition, Statharos's opaque reference to plaintiff's alleged unjust enrichment, Answer ¶ 114, if intended as grounding a damages claim, falls outside the reliance damages contemplated by promissory estoppel.

The federal rules establish higher pleading standards for claims of fraud. "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge and other conditions of mind of a person may be averred generally." Fed. R. Civ. P. 9(b). "To satisfy this standard, the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Frederico v. Home Depot, Inc.*, 507 F.3d 188, 200 (3d Cir. 2007) (citing *Lum v. Bank of America*, 361 F.3d 217, 224 (3d Cir. 2004)).

Statharos's claim of fraud falls short of the Rule 9(b) standard. Statharos asserts that Vigilante "misrepresented himself and his intentions … with regard to his promises to enter into a partnership …." Def.'s Answer ¶ 120. Statharos asserts that such misrepresentations were material and fraudulent. *Id*. ¶¶ 121-22. But his description of the facts does not offer the required substantiation of fraud. *Frederico*, 507 F.3d at 188. He describes in his "new matter" that he and Vigilante agreed to enter partnership if Statharos passed the Pennsylvania bar and undertook certain marketing activities for their shared business. Answer ¶ 101. He goes on to vaguely describe how the relationship of the parties disintegrated and the partnership failed to materialize. Answer ¶¶ 107-09. Nowhere is Vigilante's fraudulent misconduct apparent (let alone broken down into components described with some specificity), nor does Statharos's pleading recount what the plaintiff sought to gain from these allegedly material and knowing misrepresentations. A close examination of Statharos's fraud claim reveals, at its core, allegations that

Vigilante made a business promise upon which he later reneged – an inference that leads the court right back to the claim for promissory estoppel.  *See also Krause v. Great Lakes Holdings, Inc.*, 563 A.2d 1182, 1187 (Pa. Super. Ct. 1989) (holding that the breach of a promise to do something in the future is not actionable in fraud).  At all events, Statharos's pleading does not contain the particularity and substantiation required of a fraud claim.

In addition, the court finds that the Pennsylvania "gist of the action" rule applies here.  This doctrine is "designed to maintain the conceptual distinction between breach of contract claims and tort claims [by] precluding plaintiffs from recasting ordinary breach of contract claims into tort claims."  *eToll, Inc. v. Elias/Savion Adver. Inc.*, 811 A.2d 10, 14 (Pa. Super. Ct. 2002).  Gist of the action requires a court to dismiss a tort claim when it is clear that the action arises from a breach of duties imposed by agreement between parties, as opposed to contravention of a recognized social duty.  *Redev. Auth. v. Int'l Insur. Co.*, 685 A.2d 581, 590 (Pa. Super. 1995).  "The test is, by its own terms, concerned with the nature of the action as a whole."  *eToll*, 811 A.2d at 15.  Statharos's fraud claim limns a set of circumstances where he relied, to his detriment, on perceived promises made by Vigilante.  Statharos's Answer as a whole strongly suggests that this controversy sounds firmly, if not solely, in Pennsylvania contract law, and thus gist of the action requires this court to dismiss Statharos's tort-based claim of fraud.  The court finds no merit in Statharos's argument that gist of the action only applies to breach of contract

8.

claims, as distinguishable from promissory estoppel claims. *See, e.g., Crouse*, 745 A.2d 610 (holding that promissory estoppel, though equitable in nature, is a contract action).

### III.  Conclusion

For the reasons stated above, plaintiff's motion to strike will be denied and plaintiff's 12(b)(6) motion will be granted in part and denied in part. An appropriate order follows.