IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THEODORE J. VIGILANTE,<br>    Plaintiff,<br><br> v.<br><br>STEVEN STATHAROS and<br>PATRICK BRONTE,<br>    Defendants. | No. 08-CV-3408 |

**OPINION**

February 16, 2009                                         Pollak, J.

Defendant Steven Statharos has filed a Motion for Reconsideration (Docket No. 9) of a preliminary injunction entered by the Philadelphia Court of Common Pleas on July 1, 2008, prior to the removal of plaintiff's lawsuit to this court. Statharos's motion is ripe for review.

**I. Background**

On the basis of the several pleadings on file, the following facts appear not to be in dispute:

In April of 2008, plaintiff Theodore Vigilante, a resident of New Jersey, brought suit in the Philadelphia Court of Common Pleas against Statharos, a resident of New York, and defendant Patrick Bronte, a resident of New Zealand, alleging various tort

1.

claims and a trademark claim. Pl.'s Amended Complaint; Def. Statharos's Answer ¶¶ 1 - 2. Vigilante is an attorney practicing in southeast Pennsylvania. Compl. ¶¶ 8 - 10. Vigilante complains that he authorized Statharos to obtain, on his behalf, email and internet website addresses useful to promoting Vigilante's law practice. *Id*. ¶¶ 15 - 16. Instead of doing as directed, Statharos allegedly misused the addresses to benefit a competitor attorney in southeast Pennsylvania, and then transferred control of the addresses to his friend, defendant Bronte. *Id*. ¶¶ 24 - 29. Vigilante contends that he launched an expensive advertising campaign for his law practice that included the website and email addresses, only to discover that these addresses did not operate as expected and were not within his control. *Id*. ¶¶ 20 - 21, 34.

Starting in late April 2008, Vigilante sent his complaint and subsequent filings to Statharos and Bronte by mail at addresses in New York and New Zealand, respectively. Def.'s Mem. in Support of Reconsideration at ¶¶ 4-15. In support of his motion for reconsideration, Statharos attests that he never received any of the mailings, that service was faulty, and that he only learned of the lawsuit via an electronic message from Bronte on June 26, 2008. Def.'s Motion at Ex. E (Statharos affidavit).

After filing his original and an amended complaint, Vigilante sought a preliminary injunction directing the defendants to surrender control of the disputed addresses. Pl.'s Response (Docket No. 18) at 3. Notice of the injunction hearing was issued to the defendants on May 16, 2008. Def.'s Motion at Ex. B (show cause order). Statharos

attests that he did not receive notice of the injunction hearing. *Id.* at Ex. E (Statharos affidavit). The injunction hearing was conducted *ex parte* after Vigilante offered in-court testimony that he attempted to serve both defendants under the Pennsylvania rules. Def.'s Reply at Ex. A. The requested injunction was granted by Common Pleas Judge Gary F. DiVito on July 1, 2008. Def.'s Motion at Ex. D (order of Judge DiVito). To date, both defendants have complied with the injunction. Def.'s Motion at Ex. E (Statharos affidavit).

Statharos asserts that, on July 18, he filed a motion for reconsideration of the injunction in the Court of Common Pleas. Def.'s Reply at 2. Statharos removed the lawsuit to this court on July 21 on diversity grounds. *Id.* On August 12, 2008, Statharos filed the current motion for reconsideration of the injunction.[1] Vigilante's motion to remand, filed on July 23, was denied by this court on September 10, 2008.

## II. Analysis

### A. Timing of the motion

The procedures concerning removal are clear, as is the impact of removal on state court injunctions. What remains murky are the procedures available for challenging state court equitable relief once a lawsuit is properly in federal court. Removal is complete, and a state court can proceed no farther, once a defendant has filed notice of removal with the federal district court and furnished notice to the state court and all adverse parties. 28

---

[1] Bronte, though named as a defendant in this lawsuit, is not a party to the motion at issue here. This court has not yet received any filings from Bronte.

3.

U.S.C. § 1446(d). Following removal by a defendant, an injunction obtained in state court "shall remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450.

In order to challenge the injunction entered by Judge DiVito on July 1, Statharos has, as noted above, utilized as a procedural vehicle a "Motion for Reconsideration." Rule 7.1(g) of the Local Rules of Civil Procedure requires that motions for reconsideration "shall be served and filed within ten (10) days after the entry of the judgment, order, or decree concerned." The ten-day period only comprises "business days." Rule 7.1, Comment 6(a). The difficulty with application of this rule to a removal situation is that the state-court decree may have been entered a number of days or even weeks prior to the lawsuit properly coming into federal court. The rule does not specify whether, when the "judgment, order, or decree" sought to be reconsidered has emanated from a state court, the date of "entry" of the "judgment, order, or decree" is the date of filing in the state court or the date of removal to federal court.

Grounds exist for a federal district court to review a motion to dissolve a preliminary injunction apart from the procedural rules governing a motion for reconsideration. 28 U.S.C. § 1450 keeps an injunction in place "until dissolved or modified by the district court." In *Resolution Trust Co. v. Nernberg*, 3 F.3d 62, 68 (3d Cir. 1993), the Third Circuit formulated and adopted the following "supervisory rule":

> In all cases removed to the district court after judgment has been entered by a state court, the parties may, within thirty days of the date the case is docketed

4.

      in the district court, file motions to alter, modify, or open the judgment. After briefing or argument as it deems advisable, the district court should enter an order granting or denying such relief.

The "supervisory rule" announced by the Third Circuit obviously trumps any local rule. This court will, therefore, apply the thirty-days-after-removal "supervisory rule" of *Resolution Trust*, rather than Local Rule 7.1(g), to motions to reconsider state-court injunctions entered in cases subsequently removed to federal court.

    The circumstances here illustrate the difficulties that arise when a defendant seeks reconsideration of a state-court decree after removal; they also support the use of the *Resolution Trust* rule. Statharos attests that he never received proper service from the plaintiff of any filings or orders in this case prior to removal (and, as previously noted, that he had not even known he was being sued before his receipt, on June 26, of an email from Bronte). This court found as much when it ruled in Statharos's favor on plaintiff's motion to remand. Mem./Order of Sept. 10, 2008 at 5-6. Statharos further contends that he filed a motion for reconsideration in the Court of Common Pleas on July 18, 2008, and that said filing was "within the 20 day appeal period."[2]  Def.'s Reply at 2. It is not clear

---

[2] Statharos has not cited to the law or rule in Pennsylvania that provides for a challenge to an injunction within twenty days. A brief canvass of Pennsylvania civil and appellate procedure reveals the following: a litigant may, in some circumstances, file a motion for reconsideration with the trial court as an alternative to filing an appeal to an order with an appellate court; such filings must comport with the appropriate Rules of Appellate Procedure. Pa. R. Civ. P. 1930.2(b). Specifically, the movant must file for reconsideration within the time-frame permitted to file a notice of appeal, Pa. R. App. P. 1701(b)(3), which is thirty days from the entry of the order at issue, Pa. R. App. P. 903(a). These rules would support Statharos's claim that his state-court motion for reconsideration was timely (though it is not clear where Statharos latched on to a "20 day

from his motion, however, whether Statharos is requesting that this court consider the state court filing as a timely response under state law, and one that the federal court can rule upon since the Court of Common Pleas did not.  Statharos did not file with this court a copy of the alleged July 18 motion for reconsideration, but, rather, submitted a copy of a signed affidavit, filed with the Court of Common Pleas and dated July 18, regarding the case.  Further, both sides note that Statharos removed to federal court on July 21, 2008, instantly making the Court of Common Pleas injunction a "federal court order" – but Statharos fails to address plaintiff's contention that this transmogrification gave the defendants but ten business days from that point to move for reconsideration under Local Rule 7.1.  Under this view, Statharos's window would have closed on August 4, 2008, more than a week before this court received his motion.

I find that the prudent course is to follow a path not pointed to by Statharos or Vigilante.  I will apply the supervisory rule of *Resolution Trust* to Statharos's August 12 motion for reconsideration, construing it simply as a motion to dissolve the (formerly state and now federal) injunction.  Applying that rule to this situation would allow Statharos thirty days from the date of removal to file for relief.  He has filed within that window.  Applying that rule also eliminates any unfairness or confusion inherent in (1) the timing of state-court decisions, (2) removal practice, and (3) facially unharmonious

---

appeal period," Def.'s Reply at 2).

Statharos does not mention Pa. R. Civ. P. 1531(c) which recites that "any party may move at any time to dissolve an injunction."

procedural rules. Lastly, none of the circumstances here militates against application of the *Resolution Trust* rule. For example, there is no evidence that Statharos deliberately avoided the original injunction hearing, counting on a second bite at the issue in federal court. Accordingly, the court finds that Statharos's motion challenging the state court injunction was timely under *Resolution Trust* and can be considered on the merits.

  B.  *Substantive challenge to the preliminary injunction*

  Both federal and Pennsylvania courts deem injunctions to be extraordinary remedies, granted only in limited circumstances. *See Instant Air Freight Co. v. C.F. Air Freight, Inc.*, 882 F.2d 797, 800 (3d Cir. 1989); *Hart v. O'Malley*, 676 A.2d 222, 223 n. 1 (Pa. 1996). In exercising discretion to grant, or deny, a preliminary injunction, Pennsylvania courts weigh whether (1) an injunction is necessary to prevent immediate and irreparable harm; (2) greater injury would result from refusing an injunction than from granting it; (3) an injunction would properly restore the parties to their status immediately prior to the alleged wrongful conduct; (4) the movant is likely to prevail on the merits of the action; (5) the requested injunction is reasonably suited to abate the offending activity; and (6) an injunction would adversely affect the public interest. *Summit Towne Centre, Inc. v. Shoe Show of Rocky Mount, Inc.*, 828 A.2d 995, 1001 (Pa. 2003). Though described differently, these factors closely resemble those employed by a federal court in the Third Circuit when considering a motion for a preliminary injunction. *See Novartis Consumer Health, Inc. v. Johnson & Johnson - Merck Consumer Pharmas.*

*Co.*, 290 F.3d 578, 586 (3d Cir. 2002).

While Local Rule 7.1(g) that routinely governs motions to reconsider has no useful application to Statharos's motion, federal substantive law governing motions to reconsider will apply because Statharos requests this court to dissolve what is now, properly, an order of this court.  The Third Circuit instructs that dissolution of an earlier court order or judgment is granted sparingly; it is, however, appropriate if the moving party shows one or more of the following: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  *Max's Seafood Café v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

As there has been no intervening change in the law, Statharos must establish that either of the other two *Max's Seafood* prongs exists here.  However, he has advanced no new evidence that would support dissolution of the preliminary injunction.  He merely reiterates that he was not properly notified of the injunction hearing and that the email and internet addresses at issue here are his property.  Def.'s Mem. in Support of Motion for Reconsideration at ¶¶ 4-25.  Further, he has not shown a clear error of law or fact committed by the Court of Common Pleas or any "manifest injustice."  The record suggests that the state court found a showing of immediate and irreparable harm that could be properly remedied by injunction and did not find countervailing factors against such equitable relief.  Def.'s Motion for Reconsideration at Ex. D (Order of the Court of

8.

Common Pleas of July 1, 2008); Def.'s Reply at Ex. A (transcript of hearing before Court of Common Pleas).

Statharos contends that (again) service of process was faulty and the Court of Common Pleas lacked personal jurisdiction over him. The record, however, shows that the Court of Common Pleas properly conducted the injunction hearing under Pa. R. Civ. P. 1531(a) even in the absence of Statharos.[3] *Id.* Further, Statharos accepted service after removing the case to federal court and stated that he will not lodge, in this forum, any challenge to service of process. Answer ¶¶ 93, 95. Accordingly, his objections to service and jurisdiction would not seem to apply to this court's reconsideration of the injunction. This leaves only the legal merits of the injunction, and Statharos has failed to demonstrate

---

[3] Rule 1531(a) states the following:

> A court shall issue a preliminary or special injunction only after written notice and hearing unless it appears to the satisfaction of the court that immediate and irreparable injury will be sustained before notice can be given or a hearing held, in which case the court may issue a preliminary or special injunction without a hearing or without notice. In determining whether a preliminary or special injunction should be granted and whether notice or a hearing should be required, the court may act on the basis of the averments of the pleadings or petition and may consider affidavits of parties or third persons or any other proof which the court may require.

Judge DiVito held a hearing on the motion for preliminary injunction. After it became clear that no one representing the defendants appeared for the hearing, he inquired whether proper notice had issued to the defendants. Def.'s Reply at Ex. A. Vigilante introduced some evidence of service, and Judge DiVito proceeded to the merits of the motion. *Id.* While this court later determined that service upon defendant Statharos was ineffective (Mem./Order of Sept. 10, 2008 at 5), I perceive no error by Judge DiVito in his review for proper notice prior to deciding to issue an injunction.

error on the part of the Court of Common Pleas or any manifest injustice arising from its order. The preliminary injunction issued by the Court of Common Pleas will remain in place.

### III. Conclusion

For the reasons stated above, defendant Statharos's motion will be denied. An appropriate order follows.